# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 05 C 2698 |
| v. | Judge James B. Zagel |
| SAUNDERS. | |

## MEMORANDUM OPINION AND ORDER

Nathaniel Saunders seeks to invoke, for the second time, the remedies provided by 28 U.S.C. § 2255. He cannot do so because a second § 2255 motion cannot be filed without permission of the Court of Appeals which must certify the applicability of two grounds on which a second hearing may be held. Newly discovered evidence would, if proven, establish the invalidity of a finding of guilty of the offense for which the petitioner has been convicted. Another basis for permitting a second § 2255 motion is that Petitioner's claim is based on a previously unavailable and new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court.

The Seventh Circuit has not given permission to proceed on a second § 2255 motion.

What Saunders wants to do is use a relatively recent decision of the Supreme Court which dealt with the determination of whether a prior conviction qualifies as an armed career criminal act. Saunders wants to argue that his prior convictions for aggravated battery and robbery are not predicates for a finding that they are armed career criminal acts. His argument simply fails. First, the prior convictions do fit the definition of armed career criminal act. Second, even if the priors did not fit the federal rule governing armed career cases, the petitioner cannot rely upon the decision in *DesCamps v. United States*, 133 S.Ct. 2276 (2013). The jurisprudence of *DesCamps* is unavailable here even if it would raise doubts that the armed

1

criminal career act definition is correct in this case. This is so because a second § 2255 motion cannot use the *DesCamps* rules. A new rule of constitutional law may not be enough to aid Saunders. Cases like *DesCamps* are useful to petitioners only if the rule of that case has been made (by the Supreme Court) retroactive to cases on collateral review. Such retroactive application has not been established by the Supreme Court. *United States v. Canino*, 212 F.3d 383 (7th Cir. 2000); *Groves v. United States*, 755 F.3d 588 (7th Cir. 2014).

The Supreme Court ruled on direct appeal in *DesCamps*. *DesCamps* was not itself a collateral review case as the Saunders case clearly is. It is conceivable that the Supreme Court might decide to apply *DesCamps* to collateral cases, but until it does, the precedent is of no value to Saunders who, in any event, would lose his claim that his prior convictions were not armed career criminal act offenses.

The second motion to vacate, set aside or correct sentence is denied. The motion for default judgment against the United States, and the motion to reschedule are both denied.

ENTER:

James B. Zagel
United States District Judge

DATE: April 21, 2015